```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION


CHESTER NEWSOME,                )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:09-cv-31
                                )
ALLMERICA FINANCIAL/CITIZENS    )
INSURANCE,                      )
                                )
          Defendant             )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 17] filed by the defendant, Citizens Insurance, on September 13, 2010. For the reasons set forth below, the motion is GRANTED.

## Background

On December 10, 2005, the residence of the plaintiff, Chester Newsome, was destroyed by a fire. Newsome's residence was insured by Citizens Insurance, Policy Number H4W7311884. After learning of the fire, Citizens informed Newsome that it intended to hire an investigator, Barker & Herbert, to conduct a cause and origin analysis. Citizens investigated the loss, and despite receiving Barker & Herbert's causation report indicating that arson was likely the cause, it determined that payment should be issued. Newsome retained a public adjuster, Joseph Hoffman, to assist him in settling his insurance claim. Citizens

discussed the value of the loss with Hoffman over a period of time and reached an agreement.  Hoffman informed Newsome of the agreement and instructed Newsome that it was his decision to accept or reject the offer.

On September 15, 2006, Hoffman and Newsome attended a meeting with Citizens' counsel.  At the meeting, Citizens' counsel went over the Release with Newsome and Hoffman.  Newsome did not read the release line for line before signing.

Newsome agreed to settle his claim for $165,000 and signed the partial release, waiving all claims against Citizens.  However, Newsome retained the right to pursue claims against Barker & Herbert.  The parties dispute how this figure was reached.  Citizens claims that it determined the amount according to information Newsome provided and an investigation of the loss valuation conducted by its adjuster, Michael Bolin.  Citizens also claims that it did not consider Barker & Herbert's cause determination.  However, Newsome and Hoffman maintain that Citizens' counsel stated that Citizens was willing to settle for about $90,000 less than the claimed amount because Barker & Herbert made arson an issue in the claim.  Citizens submits that Newsome later retracted this statement in his deposition when he acknowledged that he did not recall whether Citizens' counsel made this statement.  Additionally, the release stated that

Newsome was not relying on any representations other than what was in the written release when he agreed to the terms.

Newsome filed a complaint against Barker & Herbert, alleging that Barker & Herbert trespassed on his property, removed items from his home, and interfered with his contractual arrangements with Citizens. Newsome claims that Citizens defended Barker & Herbert and denied any connection between the reduced offer and the arson report.

Newsome subsequently filed a complaint against Citizens, alleging that Citizens acted in bad faith and breached its contract by failing to honor its terms and making false misrepresentations. It is Newsome's position that his loss was valued at $100,000 more than he received and that he accepted the settlement because of Citizens' misrepresentation that arson played a role in its offer. Citizens now moves for summary judgment on Newsome's claims.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009).

The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Company, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); Stephens, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); Stephens, 569 F.3d at 786; Wheeler v. Lawson, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. Ashman v. Barrows, 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. Wheeler, 539 F.3d at 634 (citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party

opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> Anderson, 477 U.S. at 250, 106 S.Ct. at 2511

See also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000) (setting out the standard for a directed verdict); Celotex Corp., 477 U.S. at 322-23, 106 S.Ct. at 2553; Stephens, 569 F.3d at 786; Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); Springer v. Durflinger, 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

Citizens moves for summary judgment on two independent grounds. First, Citizens argues that Newsome cannot rescind the

5

Release without paying back the money he obtained when he signed the release. Second, Citizens contends that Newsome's claims are barred by the terms of the Release.

A contract exists when there is an offer, acceptance, consideration, and mutual assent. Krieg v. Hieber, 802 N.E.2d 938, 944 n.3 (Ind. App. 2004); Rodziewicz v. Waffco Heavy Duty Towing, 763 N.E.2d 491, 491 (Ind. App. 2002); DiMixio v. Romo, 756 N.E.2d 1018, 1022 (Ind. App. 2001). Upon acceptance, an unambiguous contract must be enforced as it is written. Krieg, 802 N.E.2d at 941; Perfect v. McAndrew, 798 N.E.2d 470, 479 (Ind. App. 2003). However, "[e]quity has jurisdiction to reform written documents in only two well-defined situations: (1) where there is mutual mistake, or (2) where there has been mistake by one party, accompanied by fraud or inequitable conduct by remaining party." Peterson v. First State Bank, 737 N.E.2d 1226, 1229 (Ind. App. 2000). "The general principle that fraud in the inducement vitiates a contract applies to releases." True-Cal, Inc. v. Conrad Kacsik Instrument Systems, Inc., 905 N.E.2d 40, 44 (Ind. App. 2009).

The elements of actual fraud are as follows:

    (1)  a material representation of past or existing facts which

    (2)  was false,

> (3) was made with knowledge or reckless ignorance of its falsity,
>
> (4) was made with the intent to deceive,
>
> (5) was rightfully relied upon by the complaining party, and
>
> (6) proximately caused injury to the complaining party.
>
> Bilimoria Computer Systems, LLC v. America Online, Inc., 829 N.E.2d 150, 155 (citing Wallem v. CLS Indus., Inc., 725 N.E.2d 880, 889 (Ind. App. 2000))

"Actual fraud may not be based on representations of future conduct, on broken promises, or on representations of existing intent that are not executed." Anderson v. Indianapolis Indiana AAMCO Dealers Advertising Pool, 678 N.E.2d 832, 837 (Ind. App. 1997). A party who successfully establishes that the opposing side fraudulently induced the agreement must elect between two remedies. "One alternative is to rescind the contract, return any benefits received, and be returned to the status quo. . . . The other alternative is to affirm the contract, retain the benefits, and seek damages." Lightning Litho, Inc. v. Danka Industries, Inc., 776 N.E.2d 1238, 1241 (Ind. App. 2002)(citing A. J.'s Auto. Sales, Inc. v. Freet, 725 N.E.2d 955, 969 (Ind. App. 2000), reh'g denied, trans. denied; Hart v. Steel Prods., Inc., 666 N.E.2d 1270, 1275 (Ind. App. 1996), reh'g denied, trans. denied).

Citizens relies on Newsome's deposition statement that he is seeking to rescind or void the release and settlement agreement to argue that summary judgment must be granted in its favor because Newsome has not returned the money.  However, Newsome's complaint for breach of contract and bad faith specifically requests damages and does not demand rescission of the agreement.  Citizens cannot rely on Newsome's deposition statement and ignore the remedy his complaint requests.  Newsome is not educated in the law and may not understand the course of action and theory of law that his attorney is pursuing.  Rather, Newsome's complaint puts Citizens on notice of the controlling legal theory.  When a party seeks damages, as Newsome does here, he does not have to return the settlement funds.  Lightning Litho, 776 N.E.2d at 1241.  Accordingly, Citizens cannot succeed under this theory.

Citizens next argues that summary judgment must be granted in its favor because the integration clause in the release precludes Newsome's prosecution of the claims.  The release stated that Newsome was waiving all claims he might have against Citizens and that he was entering this agreement based only on the representations contained in the written release.  Citizens relies on this language, arguing that because the release is fully integrated, evidence of written or oral statements not

contained in the release cannot be offered to contradict the written agreement.

A release is subject to the same analysis as other contracts. Prall v. Indiana National Bank, 627 N.E.2d 1374, 1377 (Ind. App. 1994). In interpreting a contract, the court determines and gives effect to the intent of the parties. Perfect, 798 N.E.2d at 479. The intent in an unambiguous contract is determined by the plain and ordinary terms within the four corners of the contract. Schmidt v. Schmidt, 812 N.E.2d 1074, 1080 (Ind. App. 2004); Perfect, 798 N.E.2d at 479; Dempsey v. Carter, 797 N.E.2d 268, 273 (Ind. App. 2003), trans. denied, 812 N.E.2d 803 (Ind. 2004). If a contract is ambiguous, the court may look to extrinsic evidence to give it meaning. Perfect, 798 N.E.2d at 479. A contract is ambiguous if it "is susceptible to more than one interpretation as measured by the standard of whether reasonable minds could differ as to its meaning." In re Kemper Insurance Companies, 819 N.E.2d 485, 491 (Ind. App. 2004) (quoting Crowe v. Boofter, 790 N.E.2d 608, 611 (Ind. App. 2003); Dempsey, 797 N.E.2d at 273. A contract is not ambiguous merely because the parties disagree as to the meaning. See Crowe, 790 N.E.2d at 610-11; Roy A. Miller & Sons, Inc. v. Industrial Hardwoods Corporation, 775 N.E.2d 1168, 1173 (Ind. App. 2002).

"An integration clause of a contract is to be considered as any other contract provision to determine the intention of the parties and to determine if that which they intended to contract is fully expressed in the four corners of the writing." Prall, 627 N.E.2d at 1377 (citing Franklin v. White, 493 N.E.2d 161, 166 (Ind. 1996)). The circumstances surrounding the case govern the weight assigned to the integration clause. Prall, 627 N.E.2d at 1377. The weight assigned is largely dependent on the disparity of sophistication separating the two parties. See Franklin, 493 N.E.2d at 166 (comparing integration clauses when the parties do not have equal bargaining power versus when they are both sophisticated parties that understand the terms). When one party's level of bargaining power is significantly weaker, he can overcome an integration clause and submit extrinsic evidence if he can show that the provision did not reflect the true intent of the parties. It is unconscionable and against public policy to enforce an integration clause signed because of a high disparity in bargaining power. Franklin, 493 N.E.2d at 166; Weaver v. American Oil Co., 276 N.E.2d 144, 148 (Ind. 1971). Absent proof of this, evidence of reliance on oral or written statements extrinsic to the release are not admissible to show fraudulent inducement when a contract contains an integration clause. Whitehurst v. Attorneys of Aboite, LLC, 925 N.E.2d 379, 387 (Ind.

App. 2010); Circle Center Development Co. v. Y/G Indiana, L.P., 762 N.E.2d 176 (Ind. App. 2002); Prall, 627 N.E.2d at 1379.

The release Newsome signed stated that he "ha[d] not been influenced to any extent whatsoever in making this release by any representation or statement regarding said damages, losses or liability questions involved or as to any other matters made by the persons, firms or corporations who are hereby released". In light of this integration clause, Newsome cannot submit extrinsic evidence that contradicts the release without first establishing that the integration clause does not reflect the true intention of the parties. The slight disparity in bargaining power alone does not show that enforcement of the clause would be unconscionable, nor does Newsome so argue. Rather, the record is devoid of evidence showing that enforcement of the integration clause does not reflect the parties' intentions. Although Newsome was not represented by counsel when he signed the release form, the adjuster he hired was present and had familiarity with release forms. Newsome does not claim that he did not understand the integration clause or that he did not have an opportunity to read it. An integration clause will not be found invalid simply because one party elected not to retain counsel and later suffered from adverse results. Absent evidence that the integration clause does not reflect the parties' true intentions, Newsome is

11

barred from submitting extrinsic evidence that contradicts or is in addition to the terms of the release.

The release states that Newsome waived all of his claims against Citizens and that any claim he had would be considered expired. Newsome cannot rewrite this term absent proof that he was fraudulently induced into agreeing to it. Peterson, 737 N.E.2d at 1229 (stating that courts cannot rewrite contracts absent mutual mistake or proof of fraud or inequitable conduct). The only evidence of record that tends to show this is the oral representation Citizens' counsel allegedly made, indicating that Citizens considered the arson report in calculating its settlement offer. However, this statement is not admissible. The integration clause forbids introduction of extrinsic evidence that contradicts the terms of the release. Because the release states that Citizens was not making any representations beyond those contained in the written release, evidence of Newsome's reliance on the oral representation contradicts the terms of the release and is inadmissible. Absent proof of fraud, Newsome cannot succeed, and summary judgment must be granted in favor of Citizens.

Based on the foregoing, the Motion for Summary Judgment [DE 17] filed by the defendant, Citizens Insurance, on September 13, 2010, is GRANTED.

ENTERED this 6th day of December, 2010

                                    s/ Andrew P. Rodovich
                                        United States Magistrate Judge